Upon review of the record, I conclude that there is no evidence to indicate that appellant was responsible for the ten dead cattle. Appellant was not compensated for the care of the cattle, thus, he should not be charged for their loss without a showing of negligence or faulty care on his part.
On January 2, 1998, appellant asserted that he had a lien on the cattle and, on February 21, 1998, he published legal notice of an auction to sell the cattle in order to satisfy the lien. However, as of March 3, 1998, the date the court issued the temporary restraining order, appellant was precluded from interfering in any way with the sale of the cattle. The trial court had previously ordered that the cattle be sold as soon as possible. At that time, nothing prevented Penny or Bradley from selling the cattle on their own. Although the cattle were apparently alive at this time, and dead fourteen months later, no evidence presented shows that the delay alone killed them. Whatever caused the death of those cattle, be it disease or old age, is not a part of the record. The judgment entry of the court is far from clear in its rationale determining appellant's responsibility to provide ten additional cattle or that appellant is responsible at all. The entries read that ten additional cattle should be provided, but fail to mention by whom or how they should be provided, except that Penny should not bear the loss. Clearly the court's purpose was to hold appellant and Bradley responsible for the loss; however, nothing in the record supports that conclusion. Therefore, I would reverse and remand.